22-6258
*A.O.M-C. v. Garland*

BIA
Douchy, IJ
A208 542 788

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand twenty-four.

PRESENT:
> GERARD E. LYNCH,
> STEVEN J. MENASHI,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

A.O.M-C,
> *Petitioner,*

v.                                                                     **22-6258**
                                                                       **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*\*

_____

\* We grant the unopposed motion to abbreviate petitioner's name pursuant to Second Circuit Local Rule 27.1(j). The Clerk of Court is respectfully directed to amend the caption accordingly.

**FOR PETITIONER:**        Matthew L. Guadagno, Law Office of
Matthew L. Guadagno, New York, NY.

**FOR RESPONDENT:**        Brian Boynton, Principal Deputy Assistant
Attorney General; Anna E. Juarez, Senior
Litigation Counsel; Lindsay Marshall, Trial
Attorney, Office of Immigration Litigation,
United States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioner, A.O.M-C., a native and citizen of Guatemala, seeks review of an

April 28, 2022, decision of the BIA affirming a May 13, 2019, decision of an

Immigration Judge ("IJ") denying his application for asylum and withholding of

removal under the Immigration and Nationality Act ("INA").[1]  *In re A.O.M-C.*,

No. A208 542 788 (B.I.A. Apr. 28, 2022), *aff'g* No. A208 542 788 (Immig. Ct. N.Y.

City May 13, 2019).   We assume the parties' familiarity with the underlying facts

and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA.  *See Yan*

---

[1] A.O.M-C. has abandoned his claim under the Convention Against Torture by not addressing it in his brief.  *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

2

*Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To establish eligibility for asylum and withholding of removal, A.O.M-C. had to show that his "race, religion, nationality, membership in a particular social group, or political opinion was . . . at least one central reason" for the harm that he suffered or feared. 8 U.S.C. § 1158(b)(1)(B)(i); *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022). A.O.M-C. alleged that a Guatemalan gang robbed, extorted, and attempted to recruit him based on his membership in the particular social groups of his family and Guatemalan youths without parental supervision, and based on his actual or imputed political opinion. The agency reasonably found that he failed to demonstrate an actual or imputed political opinion or that his purported political opinions or social groups were "one central reason" why the gang targeted him for robbery, extortion, or recruitment. *See Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) ("Whether the requisite nexus exists depends on the views and motives of the persecutor." (quotation marks omitted)). To the

3

contrary, the record amply supports the IJ's conclusion that the gang members were motivated solely by their ordinary economic interests in A.O.M-C's money and labor, and "harm motivated purely by wealth is not persecution" under the INA. *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 74 (2d Cir. 2007) (rejecting claim based on political opinion where putative persecutors had no "'motive other than increasing their own wealth at the expense of' the petitioners" (citation to record omitted)); *see also Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) ("general crime conditions" are not a protected ground for asylum and withholding of removal).

A.O.M-C. concedes that he did not testify that the gangs were motivated by a protected ground, but argues that the agency ignored a letter from his father and country conditions evidence that demonstrate he was persecuted for his membership in a particular social group. However, "we presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). The letter explained that four members of A.O.M-C.'s extended family were killed for refusing to pay gangs and that "gang members threatened [A.O.M-C.] with death when he refused to join their gang and sell drugs for them." App'x

4

386. The IJ did not expressly reference the letter, but the record reflects that the IJ did not overlook it; rather, the IJ considered the facts contained in the letter in its order. Further, this letter supports the conclusion that A.O.M-C. and his relatives were crime victims, without any indication that the gangs targeted them out of animosity towards the family. "[T]he fact that a persecutor has threatened an applicant and members of his [or her] family does not necessarily mean that the threats were motivated by family ties." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022) (quotation marks and citation omitted). A.O.M-C. testified that he did not know why his family members were killed, nor did he present any other evidence suggesting that the gang harbored animus against his family. Moreover, he testified that he was unaware of any gang victimization experienced by his adult siblings who remained in Guatemala.

Likewise, the country conditions evidence fails to establish that the agency erred in concluding that A.O.M-C. was not targeted because he was a Guatemalan youth without parental supervision. The proffered articles note that such youths are susceptible to recruitment, but are silent as to whether the gangs target those youths because of their lack of parental guidance. Rather, the country conditions evidence reflects that gang extortion and violence is common in Guatemala and

5

impacts a large cross-section of the population. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 590 (2d Cir. 2021) ("while certain segments of a population may be more susceptible to one type of [gang] criminal activity than another, where the residents all generally suffer from the gang's criminal efforts to sustain its enterprise, the significant societal problems that result may not support relief in the form of asylum or withholding of removal." (quotation marks omitted)).

A.O.M-C. also argues that the agency overlooked country conditions evidence that supports a conclusion that Guatemalan gangs perceive a refusal to pay or join them as opposition to gangs, which in turn constitutes a political opinion. However, refusals to join or pay a gang, are not, without more, an expressed or imputed political opinion under the INA, nor does such activity become political "simply by virtue of the gang's reaction." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 200–01 (2d Cir. 2021). The record does not demonstrate that petitioner's "disagreement with the gangs is . . . different than any other person who disapproves of criminal elements," and the country conditions evidence is therefore insufficient to establish that A.O.M-C.'s resistance "took on a political dimension by transcending mere self-protection." *Id*. at 203 (quotation marks omitted).

Because A.O.M-C.'s evidence shows only that he was a victim of criminal activity based on ordinary criminal motives—and not that the gang singled him out because of his political opinion or any other protected characteristic—he did not meet his burden for asylum or withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(C); *Paloka*, 762 F.3d at 198; *Melgar de Torres*, 191 F.3d at 314. As that conclusion is dispositive, we do not address whether his proposed social groups were cognizable or the risk of future harm. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7